IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHOVAN BAJRACHARYA | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | |
| SADASH CORPORATION, SADIQ | § | |
| REHMAN and ASHIQ GOKAL | § | |
| Defendants | § | |
| | § | JURY DEMANDED |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Shovan Bajracharya brings this Original Complaint against Defendants, and shows as follows:

### I.  SUMMARY

1.      This is action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").  Defendants operate convenience stores.  Plaintiff worked for Defendants as an hourly-paid convenience store employee.  He regularly worked more than 40 hours per workweek, and Defendants did not pay him an overtime premium of at least one and one-half times his regular rate for hours worked over 40 in a workweek.

2.      There is no overtime exemption or exception under the FLSA that applies to Plaintiff's employment as an hourly employee for Defendants.  Defendants' actions in not paying overtime for hours worked over 40 in a workweek were willful.  Defendants understood the obligation to pay hourly employees an overtime premium for hours worked over 40 in a workweek, but elected not to pay overtime wages.

3.      Plaintiff brings this action to recover unpaid overtime compensation, an equal amount of liquidated/double damages, attorney fees, interest, and costs.

## II.  PARTIES

4.        Plaintiff Shovan Bajracharya is an individual who resides in Tarrant County, TX.  He consents to be a party plaintiff in this action.

5.        Defendant Sadash Corporation is a domestic for-profit corporation organized and existing under the laws of the State of Texas.  Defendant Sadash Corporation may be served with process by serving its registered agent, Sadiq Rehman at 455 Northwest Parkway, Azle, TX 76020.  Defendant Sadash Corporation also may be served with process by serving its president or any of its vice presidents pursuant to TEX. BUS. ORGANIZATIONS CODE § 5.255.

6.        Defendant Sadiq Rehman is an individual who is a citizen of the State of Texas and resides in Tarrant County.  He is the President of Sadash Corporation.  Sadiq Rehman may be served with process at his place of residence, 3925 Lake Oaks Cir., Fort Worth, TX 76108, his usual place of business, 11652 FM 730 N., Suite C, Azle, TX 76020, or wherever he may be found.

7.        Defendant Ashiq Gokal is an individual who is a citizen of the State of Texas and resides in Tarrant County.  He is the Vice President, Secretary, and Treasurer of Sadash Corporation.  Ashiq Gokal may be served with process at his place of residence, 1808 Forestdale Dr., Grapevine, TX 76051, his usual place of business, 11652 FM 730 N., Suite C, Azle, TX 76020, or wherever he may be found.

## III.  JURISDICTION AND VENUE

8.        This Court has original jurisdiction over this action because Plaintiffs assert a claim arising under federal law.  Venue is proper in this district because it the judicial

district where a substantial part of the events or omissions giving rise to the claim occurred, at least one Defendant resides in this district, and Defendants conduct business in this district.

## IV.  COVERAGE

9.       At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10.      At all times material to this action, Defendants have been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), in that Defendants acted directly or indirectly in the interest of an employer in relation to Plaintiff.

11.      At all times material to this action, Defendants have constituted an enterprise within the meaning of Sections 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants performed (either through unified operation or common control) related activities for a common business purpose.

12.      At all times material to this action, Defendants have constituted an enterprise within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.      Defendant Sadash Corporation's annual gross sales revenues exceeded $500,000 in 2016, 2017, 2018, and 2019.  During the same period, Defendant Sadash

Corporation has employed more than two employees engaged in commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

14.        At all times material to this action, Defendants Sadiq Rehman and Ashiq Gokal have acted, directly or indirectly, in the interest of an employer in relation to Plaintiff.

15.        For example, during the time period relevant to Plaintiff's FLSA claims:

   a.   Defendant Sadiq Rehman has held himself out to the public as Defendant Sadash Corporation's founder and president;

   b.   Defendant Ashiq Gokal has held himself out to the public as Sadash Corporation's co-founder, and vice president;

   c.   Defendant Sadiq Rehman has made or ratified decisions relating to significant aspects of the terms and conditions of Plaintiff's employment, including whether to pay overtime compensation for hours worked over 40 in a workweek;

   d.   Defendant Ashiq Gokal has made or ratified decisions relating to significant aspects of the terms and conditions of Plaintiff's employment, including whether to pay overtime compensation for hours worked over 40 in a workweek; and

   e.    Defendant Ashiq Gokal has signed Plaintiff's paychecks.

16.        All times relevant to his employment with Defendants, Plaintiff was an employee engaged in commerce or in the production of goods for commerce as defined by the FLSA.  For example and by no means a limitation, Plaintiff participated in business transactions on behalf of Defendants facilitating interstate commerce, including processing

credit card transactions with persons who are not residents of the state of Texas.

## V.  FACTUAL BACKGROUND

17.       Defendants operate a number of convenience stores selling food items, cigarettes and other tobacco items, beer, convenience items, and fuel.  Defendants operate these stores at a number of locations.  One of these locations is in Azle, TX and sometimes uses the assumed name, Boyd Kwik Stop or 730 South Kwik Stop.  Other locations use different assumed names such as Center Point Kwik Stop, Citgo Rock Island, Knob Hill Kwik Stop, Taco Time Mexican Grill, Springtown Kwik Stop, and Springtown Kwik Stop #2.  In spite of the different names, all are operated by Defendants.  In each of the three preceding years, Defendants revenues have exceeded $500,000 per year.

18.       Plaintiff worked for Defendants as an hourly-paid employee from approximately December 2014 to January 2019.  During this period, he worked for Defendants during two different stints of employment.  During his most recent period of employment, his hourly rate was $10.00 per hour.  During the previous stint, it was $9.00 per hour.

19.       During both stints of his employment, Defendants regularly scheduled Plaintiff to work more than 40 hours in a workweek.

20.       Indeed, he often worked on average more than 55 to 65 hours per seven-day workweek. Defendants were aware of Plaintiff working more than 40 hours in a week as Defendants paid Plaintiff at his hourly rate of pay for the hours recorded in Defendants' timekeeping system, including hours worked over 40 in a week.

21.       While Plaintiff does not maintain a record of his hours worked, Defendants maintained or should have maintained all of his time and pay records and, therefore, can

confirm the actual number of hours he worked in each workweek governed by this action and the pay he received for each such workweek.

22.     Despite working more than 40 hours in a workweek, Defendants did not pay Plaintiff an overtime premium of at least one and one-half times his regular rate for all hours worked in a workweek over 40.

23.     Plaintiff is not alone in being a victim of Defendants' policy or practice of failing to pay overtime compensation.  Based upon information and belief, Defendants paid no overtime time premium to any hourly employees.  Defendants ostensibly refused to pay overtime wages as a means to reduce their Defendants' labor costs.

24.     Defendants also did not post a workplace notice or poster explaining Plaintiff's overtime rights under the FLSA, as required by the U.S. Department of Labor.

25.     There is no overtime exemption or exception under the FLSA that exempts Plaintiff from the FLSA's mandatory overtime provisions.

## VI.   CAUSE OF ACTION:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

26.     Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

27.     During the two-year and three-year limitations period preceding this action, Defendants have violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and  215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating him and them for work in excess of 40 hours per week at a rate no less than one-and-one-half times the regular rate for which he was employed.

28.     Plaintiff was an hourly-paid non-exempt employee entitled to overtime pay for

hours worked in a workweek exceeding 40.

29.     Defendants were not aware of their obligation to pay overtime compensation to Plaintiff.  In the alternative, Defendants acted willfully or intentionally in failing to pay Plaintiff in accordance with the FLSA.

## VII.  MISCELLANEOUS

30.     All conditions precedent have occurred or been performed.

31.     There is no agreement between Plaintiff and Defendants that requires this dispute to be submitted to arbitration.

32.     Plaintiff hereby requests a trial by jury on all issues appropriate for determination by a jury, including those under the FLSA.

## VIII.  RELIEF SOUGHT

33.     WHEREFORE, cause having been shown, Plaintiff Shovan Bajracharya, prays for judgment against Defendants, jointly and severally, seeks the following relief:

  a.   For an Order, pursuant to Section 16(b) of the FLSA, finding Defendants liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff; and

  b.   For an Order awarding Plaintiff the costs of this action; and

  c.   For an Order awarding Plaintiff attorneys' fees; and

  d.   For an Order awarding Plaintiff pre-judgment and post-judgment interest, as allowable, at the highest rates allowable by law; and

  e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel.  (214) 303-1022
Fax  (214) 550-8170
barry@hersh-law.com

ATTORNEY FOR PLAINTIFF